**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD L. STEVENSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN PERRY, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 25-14116 (KMW) (MJS)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 4) and complaint submitted in this civil rights matter by Plaintiff Edward L. Stevenson. (ECF No. 1.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For the following reasons, Plaintiff's complaint shall be dismissed without prejudice.

　　"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure

to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

In his complaint, Plaintiff states one clear claim – that his jail unit was subjected to a single allegedly improper strip search on March 25, 2025, for which he was not given a specific reason by Cumberland County Department of Corrections staff. Thereafter, Plaintiff lists a disjointed litany of alleged offenses without providing any detail about what occurred, how it was improper, or who was involved beyond labelling the alleged wrong, and providing conclusory allegations of wrongdoing without elaborating on the actual facts of what occurred. Plaintiff seeks to raise his claims against his public defender, the public defender's office, the Millville Police Department, and the Cumberland County Department of Corrections.

Turning first to Plaintiff's unclear claims against his public defender and the public defender's office, it is axiomatic that attorneys engaged as public defenders are not state actors when providing for a criminal accused's defense, and are therefore immune from suit under federal civil rights laws. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Both Plaintiff's public defender, Defendant Perry, and the Office of the Public Defender are thus immune from suit in this matter and must be dismissed with prejudice as such.

Plaintiff's claims against the two remaining Defendants – the Millville Police Department and the Cumberland County Department of Corrections – fare no better. Neither a municipal police department nor a county department of corrections are proper defendants in a civil rights matter – instead, only the municipality which operates them or their individual officers are properly subject to suit. *See, e.g., Southey v. Twp. Of Vernon*, No. 21-11844, 2025 WL 1341742, at *3 (D.N.J. May 7, 2025) (police departments are not proper defendants in a civil rights case as they

3

are not a separate entity from the municipality which operates them); *Ewing v. Cumberland Cnty*, 152 F. Supp. 2d 269, 302 (D.N.J. 2015) (county department of corrections not subject to suit under § 1983). The remaining named Defendants must therefore be dismissed with prejudice as well.

Although the dismissal of the four named Defendants is sufficient to resolve Plaintiff's claims, the Court briefly addresses Plaintiff's allegations themselves to the extent Plaintiff wishes to pursue an amended complaint by naming additional Defendants. As to Plaintiff's strip search claim, the Court notes that not all strip searches of pre-trial detainees are improper, the Supreme Court has held that an initial strip search upon entry into general population and strip searches conducted for cause pass constitutional muster; it is generally only frequent strip searches without sufficient cause which will violate a prisoner's rights. *See, e.g., Florence v. Bd. Of Chosen Freeholders of Cnty. Of Burlington*, 566 U.S. 318 (2012); *Parkell v. Danberg*, 833 F.3d 313, 327-30 (3d Cir. 2016). Because Plaintiff does not allege a proper defendant nor does he provide sufficient detail to show the strip search in question was improper, he fails to state a claim as to that allegation. Plaintiff's remaining allegations suffer from a unified set of problems: they are pled against improper Defendants; they contain no more than conclusory allegations of wrongdoing and contain no factual allegations which could support a plausible claim for relief, and they are entirely too vague to meet the pleading requirements of Rule 8. Thus, even had Plaintiff provided proper Defendants, his complaint would still be subject to dismissal at this time.

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 4) shall be granted, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted; and the four named Defendants shall be **DISMISSED WITH PREJUDICE** from this matter. An order consistent with this Opinion will be entered.

                                        Hon. Karen M. Williams,
                                        United States District Judge